## TANNER v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 30, 1925.)

No. 6743.

Poisons ⬅—9—Evidence held to sustain finding defendant fraudulently signed dentist's name to order.

In prosecution under Comp. St. § 6353, for having executed order form for opium and cocaine required by section 6287h and fraudulently signing thereto name of dentist registered under section 6287g, evidence *held* to sustain finding that defendant had written order and signed thereto name alleged.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

R. S. Tanner was convicted of fraudulently signing name of dentist to and executing order form for opium and cocaine in violation of statute, and he brings error. Affirmed.

J. Q. A. Harrod, of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN and LEWIS, Circuit Judges, and POLLOCK, District Judge.

SANBORN, Circuit Judge. The defendant below was indicted, tried, and convicted of a violation of section 6353 of the United States Compiled Statutes 1918, in that he fraudulently signed the name of Dr. J. W. Eaton to and executed an order form for morphine and cocaine which was required by section 6287h, U. S. Compiled Statutes 1918, and which had been purchased from the collector of internal revenue by and was owned by Dr. Eaton, who was a dentist duly registered under section 6287g of the Compiled Statutes of 1918. The defendant sued out a writ of error, and his counsel has submitted his case to this court on his brief, wherein he writes that the only question he sees in the case worthy of consideration is whether or not the evidence was sufficient to show that Tanner wrote upon the order form an order directed to the McPike Drug Company for morphine and cocaine and signed the name of Dr. Eaton thereto. The record of the trial, however, discloses these facts: During the trial counsel for the defendant admitted that Dr. Eaton was regularly and duly registered with the collector of internal revenue as a doctor of dental surgery, that the order form described in the indictment was purchased by him from the collector of internal revenue for the district of Oklahoma, that this order form was owned by him, and that it was taken from his office without his authority. Dr. Eaton testified that he did not fill out the blanks in the order form and that he did not sign it. The blanks were so filled as to order of the McPike Drug Company, Kansas City, Mo., to be sent to Dr. Eaton at Apperson, Okl., specified quantities of morphine and cocaine. Dr. Eaton lived at Seiling, Okl., but had formerly re-

sided at Cheyenne, Okl. About February 20, 1923, the McPike Drug Company received this order at Kansas City, Mo. When Dr. Eaton purchased the order form his name and address Cheyenne, Okl., was written upon it. When the filled order reached the McPike Drug Company, Cheyenne had been stricken out and Apperson had been written into the order and it purported to have been signed by Dr. Eaton. The drug company delayed filling the order. On February 23, 1923, that company received this telegram:

"Burbank, Okla. 23, 7:45 p. m.
"M. C. Pile Drug Co., Kansas City, Mo.
"Wire me collect Apperson when my order was sent.        Dr. J. W. Eaton."

On February 24, 1923, the drug company sent this answer:

"Dr. J. W. Eaton, Apperson, Okla.
"Answering shipping your order today express.        McPike Drug Co."

On February 26, 1923, the defendant Tanner called at the express office at Apperson and asked for the express for Eaton. He had called twice before the shipment arrived, and on the 26th some one had telephoned to the express company and had been informed that the shipment was there. Soon after this telephone, the defendant arrived, received the shipment, which consisted of two packages, paid the charges for them, $52, and signed the delivery receipts therefor tendered him by the express company with the name J. W. Eaton.

There was no conflict of testimony in this case regarding the facts which have been stated, the position of counsel that they are as consistent with the innocence as with the guilt of the defendant of the charge of filling out the order and signing the order form with Dr. Eaton's name to it is rendered clearly untenable by these facts, and the judgment below is affirmed.